Michael **HENDRICKS**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A04–9406–CR–249.

Court of Appeals of Indiana, Fourth District.

April 26, 1995.

---

Timothy J. Burns, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Joseph F. Pieters, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

CHEZEM, Judge.

### Case Summary

Appellant-defendant, Michael Hendricks ("Hendricks"), appeals his convictions of three counts of Invasion of Privacy, class B misdemeanors, and one count of Stalking as a class A misdemeanor. We affirm in part and reverse in part.

### Issues

Hendricks presents one issue for review, which we divide into two:

I. Whether there was sufficient evidence to sustain Hendricks' convictions for Invasion of Privacy; and

II. Whether there was sufficient evidence to sustain Hendricks' conviction for Stalking.

### Facts

The facts most favorable to the convictions show that Hendricks was being tutored by Bernadette Mercado in her home. Hendricks was eighteen years old and attempting to obtain a G.E.D. The Mercados had a daughter, Altimease, who was thirteen, and two sons. Hendricks told Altimease that he wanted her to be the mother of his child and his "vice-lord queen." Altimease refused. Hendricks threatened her and attempted to pay others to assault her.

Upon learning of Hendricks' conduct, the Mercados asked him to leave their family alone. After Hendricks continually failed to do so, the Mercados obtained an emergency protective order against him.

Hendricks repeatedly called the Mercados' home after the emergency protective order had been issued. Also, Hendricks would stand outside the Mercado home with a baseball bat and stare at the children. On one occasion, Hendricks rode up and down the Mercados' street four to six times.

The Mercados later obtained a permanent protective order. However, Hendricks continued to harass the family by making collect calls to the family's home.

## Discussion and Decision

### I. Invasion of Privacy

 Hendricks contends there is insufficient evidence to sustain his three convictions of Invasion of Privacy. When reviewing a claim of insufficient evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Jones v. State* (1988), Ind., 523 N.E.2d 750, 751. We consider only the evidence favorable to the verdict and all the reasonable inferences drawn therefrom. *Hurt v. State* (1990), Ind.App., 553 N.E.2d 1243, 1248. Where there is substantial evidence of probative value to support the verdict, it will not be disturbed. *Id.*

Indiana Code § 35–46–1–15.1 provides:

A person who knowingly or intentionally violates:

(1) A protective order issued under:

(A) IC 34–4–5.1–5(a)(1)(A);

(B) IC 34–4–5.1–5(a)(1)(B); or

(C) IC 34–4–5.1–5(a)(1)(C);

that orders the respondent to refrain from abusing, harassing, or disturbing the peace of the petitioner;

(2) an emergency protective order issued under IC 34–4–5.1–2.3(a)(1)(A), IC 34–4–5.1–2.3(a)(1)(B), or IC 34–4–5.1–2.3(a)(1)(C) that orders the respondent to refrain from abusing, harassing, or disturbing the peace of the petitioner;

\* \* \* \* \* \*

commits invasion of privacy, a Class B misdemeanor.

Hendricks was convicted for one count of Invasion of Privacy for coming within 1000 feet of Altimease Mercado after the emergency protective order had been issued. Hendricks' sole contention in regard to this count is that he did not have actual notice of the emergency protective order and therefore could not knowingly or intentionally violate it.

 However, the record conclusively shows that Hendricks had knowledge of the emergency protective order. Six days after the order had been issued, Hendricks called the Mercado home. Bernadette informed Hendricks of the emergency protective order and that he was not to have any contact with the family. That same day, Hendricks again called the Mercados' home. Officer Henry Rendleman of the Marion County Sheriff's Department was at the Mercado home and spoke with Hendricks. Office Rendleman also told Hendricks of the emergency protective order and the parameters of the order. The next day Hendricks came within 1000 feet of Altimease Mercado. The evidence was sufficient that Hendricks knowingly violated the emergency protective order.

 Hendricks was convicted for two counts of Invasion of Privacy for calling the Mercados' home on consecutive days after the permanent protective order had been issued. Hendricks' contention regarding these counts is that there is insufficient evidence that he contacted the Mercados because the telephone calls were made collect and Bernadette refused to accept the charges. We disagree. Bernadette testified that when she received the collect calls, a voice on the other end identified the caller as "Michael." Bernadette testified that she recognized the voice as that of Hendricks and refused the charges. The evidence was sufficient that Hendricks contacted the Mercados in violation of the permanent protective order.

### II. Stalking

 Hendricks contends there is insufficient evidence to sustain his conviction of stalking as a class A misdemeanor. We agree, but not for the reason Hendricks alleges.

Hendricks was convicted under Indiana Code § 35–45–10–5(b)(2), which provides:

(a) A person who stalks another person commits stalking, a Class B misdemeanor.

(b) The offense is a Class A misdemeanor if at least one (1) of the following applies:

\* \* \* \* \* \*

(2) A protective order or other judicial order under IC 31–1–11.5 has been issued by the court to protect the same victim or victims from the person and the person has been given actual notice of the order.

\* \* \* \* \* \*

Stalking is defined by IC 35–45–10–1 as: As used in this chapter, "stalk" means a knowing or an intentional course of conduct involving repeated or continuing harassment of another person that would cause a reasonable person to feel terrorized, frightened, intimidated, or threatened and that actually causes the victim to feel terrorized, frightened, intimidated, or threatened. The term does not include statutorily or constitutionally protected activity.

An element of Stalking under IC 35–45–10–5(b)(2) is that "a protective order or other judicial order under IC 31–1–11.5 has been issued."[1] Here, the protective order was sought and obtained under IC 34–4–5.1. Therefore, Hendricks' conviction for Stalking as a class A misdemeanor cannot be sustained.

We remand and direct the trial court to vacate Hendricks' Stalking conviction as a class A misdemeanor, enter conviction as a class B misdemeanor,[2] and sentence Hendricks accordingly.

Affirmed in part, and reversed and remanded in part.

RILEY and FRIEDLANDER, JJ., concur.

---

1. IC 31–1–11.5–7(b) and IC 31–1–11.5–8.2, respectively, authorize trial courts to issue temporary restraining orders and permanent protective orders to a party to a dissolution action.

2. Hendricks' contention that there is insufficient evidence that he "stalked" Altimease Mercado, as defined by statute, is without merit. See *Facts* section.