Joseph PASCHALL, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9902–CR–104.

Court of Appeals of Indiana.

Oct. 29, 1999.

**1274** ■ 

William F. Thoms, Jr., Thoms & Thoms, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Barbara Gasper Hines, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BROOK, Judge

### Case Summary

Appellant-defendant Joseph Paschall ("Paschall") appeals his convictions for two counts of resisting law enforcement,[2] both Class A misdemeanors, and one count of auto theft,[3] a Class D felony. We affirm.

### Issues

Paschall presents two issues for our review, which we restate as follows:

(1) whether the prosecutor's failure to reveal a witness' prior inconsistent statement amounted to prosecutorial misconduct; and

(2) whether the trial court erred when it refused to allow Paschall to call the prosecutor as a witness.

### Facts and Procedural History

The facts most favorable to the judgment reveal that early in the morning on June 8, 1998, Sergeant Tracy Easterday ("Sgt. Easterday") of the Lawrence Police Department ("LPD") observed that a 1984 Chevrolet with its bright lights on was parked near a pay phone on the corner of 42nd Street and Post Road. The driver was seated in the car and was talking on the pay phone. After the driver completed his call, he drove the car to the front of a nearby Village Pantry store, got out of the car, looked around nervously, and went into the store. Suspicious that the car may have been stolen because its bright headlights appeared to be stuck on, Sgt. Easterday radioed for assistance and left the area.

Officer Ronald Shelnutt ("Officer Shelnutt") of the LPD responded to the radio call and observed the driver walking back and forth between the car and the pay

---

2. IND.CODE § 35-44-3-3.

3. *See* IND.CODE § 35-43-4-2.5(b) ("A person who knowingly or intentionally exerts unauthorized control over the motor vehicle of another person, with intent to deprive the owner of … the vehicle's value or use … commits auto theft, a Class D felony.").

phone in the parking lot and attempting to use the phone without putting coins in the appropriate slot. The driver eventually re-entered the car and traveled eastbound on 42nd Street. Officer Shelnutt followed the car into an apartment complex, where the driver rapidly exited the vehicle with the transmission still engaged. Officer Shelnutt ran to the car and put it in park: the car's steering column was cracked; there were no keys in the ignition; and a screwdriver was lying on the front seat.[4] The driver, later identified as Paschall, was subsequently apprehended.

On June 11, 1998, Paschall was charged with two counts of resisting law enforcement and one count of auto theft. Prior to trial, a conversation took place between the vehicle's owner, Sally Johnson ("Sally"), the prosecutor, and Paschall's attorney. During that conversation, Sally allegedly stated that she had bought the vehicle for her daughter, LaSandra Johnson ("LaSandra"), and that LaSandra had the authority to lend the car to other people.

On September 23, 1998, Paschall waived his right to a jury trial. On October 19, 1998, he was tried to the bench. During the trial, the State offered into evidence a copy of Sally's application for certificate of title listing Sally as the owner of the vehicle. Paschall did not object. On direct examination by the State, Sally testified that the vehicle belonged to her; that she did not know Paschall; and that she had not given him permission to drive her car. On cross-examination, Sally testified that she remembered talking to Paschall's attorney and the prosecutor on the telephone; however, she disagreed about the substance of the conversation. Sally testified that she had bought the vehicle for herself and was going to give it to LaSandra after she received her driver's license.

After the State rested its case, Paschall called the prosecutor as a witness in an attempt to impeach Sally's testimony. The trial court denied the request, stating that Paschall should have made a motion requesting another prosecutor prior to trial. Subsequently, Paschall called LaSandra to testify. LaSandra confirmed that the vehicle belonged to her mother and that she did not have authority to let others use it. At the conclusion of the trial, Paschall pled guilty to both counts of resisting law enforcement and was found guilty of auto theft.

On November 16, 1998, a sentencing hearing was held. Paschall submitted a motion to correct error and asked to depose the prosecutor. The trial court denied both the motion and the request. The court sentenced Paschall to serve a prison term of 193 days with 193 days' credit for both counts of resisting law enforcement, and 545 days with 180 days suspended and 193 days' credit for auto theft, to be served consecutively. Paschall now appeals.

### Discussion and Decision
#### I. Prosecutorial Misconduct

Paschall argues that the prosecutor's failure to reveal Sally's prior inconsistent statement amounted to prosecutorial misconduct. Specifically, Paschall alleges that during the three-way telephone conversation between his attorney and the deputy prosecutor, Sally stated that she had bought the car for her daughter. On cross-examination, however, Sally stated that she bought the car for herself and that she was planning to give the car to her daughter after LaSandra received her driver's license. Thus, Paschall argues that the prosecutor used perjured testimony to gain a conviction.

When reviewing a claim of prosecutorial misconduct, this Court considers the following: (1) whether the prosecutor engaged in misconduct; and (2) whether, considering all the circumstances, the mis-

---

4. At trial, Officer Shelnutt testified that screwdrivers are commonly used to start vehicles with cracked steering columns.

conduct put the defendant "in a position of grave peril to which he should not have been subjected." *Roberts v. State,* 712 N.E.2d 23, 24 (Ind.Ct.App.1999), *trans. denied.* Perjury consists of the following elements: (1) a false statement under oath; and (2) a statement that is "material to a point in the case." *Daniels v. State,* 658 N.E.2d 121, 123 (Ind.Ct.App.1995); *see also* IND.CODE § 35–44–2–1(a)(1).[5]

■ Paschall presents no evidence to support his claim of perjury. There is no transcript of the telephone conversation in the record and no evidence that Sally was under oath when the previous statements were made. Moreover, Paschall fails to present evidence of perjury during trial. On direct examination, the prosecutor offered into evidence a copy of Sally's application for certificate of title. Paschall's attorney did not object, affirmatively stating, "We believe that she is the title owner of the vehicle." On cross-examination, Sally stated that she purchased the car for herself, and LaSandra corroborated this testimony. Although there may have been some confusion over Sally's statements on the telephone and at trial, "[i]t is well settled that confusion or inconsistency alone is not enough to prove perjury." *Daniels,* 658 N.E.2d at 123. The prosecutor's use of Sally's testimony was not misconduct.

## II. Prosecutor as a Witness

■ In a related argument, Paschall contends that the trial court abused its discretion by refusing his request to call the prosecutor as a witness to impeach Sally's testimony. We disagree.

■ It is well settled that a prosecutor cannot be called as a witness by defense counsel unless the testimony is required by a compelling and legitimate need. *Jordan v. State,* 691 N.E.2d 487,

490 (Ind.Ct.App.1998). "If the prosecutor does not have information vital to the case, the trial court may appropriately exercise its discretion in denying the defendant's request to examine the prosecuting attorney." *Id.* "[W]hen [a] defendant asserts that his right to compulsory process has been unconstitutionally limited," we must determine (1) "whether the trial court arbitrarily denied the Sixth Amendment rights of the person calling the witness," and (2) "whether the witness was competent to testify and his testimony would have been relevant and material to the defense." *Ferguson v. State,* 670 N.E.2d 371, 375 (Ind.Ct.App.1996), *trans. denied.* "The defendant must indicate how the witness' testimony would have been both material and favorable to the defense." *Id.* In determining whether reversal is warranted,

" 'the omission must be evaluated in the context of the entire record. If there is no reasonable doubt about guilt whether or not additional evidence is considered, there is no justification for a new trial. On the other hand, if the verdict is already of questionable validity, additional evidence of relatively minor importance might be sufficient to create a reasonable doubt.' "

*Id.* (quoting *Davis v. State,* 529 N.E.2d 112, 115 (Ind.Ct.App.1998), quoting *United States v. Valenzuela–Bernal,* 458 U.S. 858, 868, 102 S.Ct. 3440, 3447, 73 L.Ed.2d 1193 (1982)).

In the instant case, the evidence in the record forecloses any reasonable doubt that Paschall knowingly or intentionally exerted unauthorized control over Sally's vehicle with the intent to deprive her of its value or use. Furthermore, aside from Paschall's unsubstantiated allegations, there is no indication that Sally's testimony at trial differed from the content of her pretrial conference call, or that any incon-

---

5. IND.CODE § 35–44–2–1(a)(1) reads as follows:

A person who makes a false, material statement under oath or affirmation, knowing the statement to be false or not believing it to be true … commits perjury, a Class D felony.

sistency would have been sufficient to create a reasonable doubt as to his guilt. Consequently, Paschall cannot show that the prosecutor's testimony on this issue would have been both material and favorable to his defense.[6] We find no reversible error.

### Conclusion

For the aforementioned reasons, we affirm the judgment of the trial court.

KIRSCH and DARDEN, JJ., concur.

---

6. Because we conclude that the prosecutor's testimony would not have been either relevant or material to Paschall's defense, we need not reach the question of whether the trial court arbitrarily denied Paschall's Sixth Amendment right to compulsory process.