STATE of Indiana, Appellant–Plaintiff,

v.

Janice K. BARKER, Appellee–Defendant.

No. 71A03–0001–CR–4.

Court of Appeals of Indiana.

Aug. 30, 2000.

Karen Freeman–Wilson, Attorney General of Indiana, Kostas A. Poulakidas, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellant.

## OPINION

MATTINGLY, Judge

The State appeals the trial court's grant of defendant Janice Barker's motion to suppress evidence. The State raises one issue on appeal, which we restate as whether the trial court erred by granting the motion to suppress.[1]

We affirm.

## FACTS & PROCEDURAL HISTORY

On December 17, 1998, South Bend Police Officer James Walsh received an anonymous tip that sixty-one year-old Janice Barker was growing marijuana in her home. Officer Walsh, joined by Officer Michael Critchlow, went to Barker's residence that evening. They were out of uniform and driving an unmarked vehicle. The officers knocked on Barker's front door and identified themselves as police officers when Barker answered the door. The officers asked if they could enter the house and told Barker they could get a search warrant if she refused them entrance. Barker cooperated, telling the officers "she had nothing to hide; there was no problem" and that they could "come in and look around." (R. at 35.)

Once inside, Officer Walsh smelled the odor of marijuana coming from the basement.[2] The officers asked to search the basement, and Barker obliged. Reaching a locked door in the basement, the officers asked Barker if she would open it. Barker retrieved the key from upstairs and Officer Critchlow unlocked the door. Inside, the officers found ten marijuana plants as well as potting soil and lights. After the search and seizure, the officers presented Barker a "Permit to Search" form that Barker signed. The document informed Barker that she had a right to refuse to consent to

---

1. We begin by noting Barker failed to file an Appellee's brief. As we necessarily must avoid the improper burden of acting as advocate for the missing appellee, we apply a less stringent standard of review. To win a reversal, the appellant need only establish prima facie error. *State v. Costas*, 552 N.E.2d 459, 461 (Ind.1990); *Ferrell v. State*, 656 N.E.2d 839, 840 (Ind.Ct.App.1995).

2. Officer Critchlow testified that he did not smell marijuana, but added that he had a cold that day.

a search and to confer and speak with an attorney before she granted permission for a search. The "Permit to Search" authorized the officers to perform a search of her residence—which they had already done.

The State charged Barker with possession of marijuana, dealing in marijuana, and maintaining a common nuisance, all as Class D felonies. On July 20, 1999, Barker filed a motion to suppress evidence of marijuana found in her home. On September 24, 1999, the trial court granted Barker's motion, effectively forcing the State to dismiss. The State was allowed to dismiss the charges without prejudice and this appeal followed.

### DISCUSSION & DECISION

■ The trial court found the marijuana was seized in violation of the Fourth Amendment to the United States Constitution. The Fourth Amendment establishes the right of persons to be secure in their persons, houses, papers and effects and guards against unreasonable searches and seizures. *Starzenski v. City of Elkhart,* 659 N.E.2d 1132, 1138 (Ind.Ct.App.1996). Searches and seizures conducted without prior approval by a judge or magistrate and outside the judicial process are per se unreasonable, subject only to a few specific and well delineated exceptions. *State v. Hollins,* 672 N.E.2d 427, 431 (Ind.Ct.App. 1996) (citing *Minnesota v. Dickerson,* 508 U.S. 366, 372, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993)). In this case, the State seeks refuge under the exception for searches and seizures conducted after voluntary consent—an exception that exists because it is believed "when an individual gives permission to a search of either his person or property, governmental intrusion thereon is presumably not unreasonable." *Jones v. State,* 655 N.E.2d 49, 54 (Ind. 1995).

■ When the State seeks to rely upon consent to justify the lawfulness of a search, it has the burden of proving the consent was, in fact, freely and voluntarily given. *Bumper v. North Carolina,* 391 U.S. 543, 548, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968); *see also Snyder v. State,* 538 N.E.2d 961, 964 (Ind.Ct.App.1989). The voluntariness of a consent to search is a question of fact to be determined from the totality of the circumstances. *Schneckloth v. Bustamonte,* 412 U.S. 218, 227, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *Martin v. State,* 490 N.E.2d 309, 313 (Ind.1986). The trial court is afforded the discretion to determine voluntariness; on review, we will not reweigh the evidence, and if it is conflicting, we will consider only that evidence which supports the trial court's ruling. *Daniel v. State,* 582 N.E.2d 364, 369 (Ind.1991). A trial court's determination with regard to the validity of a consent will not be set aside unless it is clearly erroneous. *Krise v. State,* 718 N.E.2d 1136, 1141 (Ind.Ct.App.1999).

■ We find, given the totality of the circumstances, the trial court's grant of Barker's motion to suppress was not clearly erroneous. We agree with the trial court that the consent was illusory and "not freely and voluntarily given." (R. at 23.) In reaching its conclusion, the trial court expressed concern over the fact the search preceded the execution of the police department's form of waiver of rights and consent to search. While the execution of a consent form prior to a warrantless search is not required to show voluntariness, the fact the officers presented Barker with the form after the search is undoubtedly curious. We agree with the trial court's assessment that "both Officer Walsh and Officer Critchlow probably realized they hadn't crossed the necessary 'T's and dotted the necessary 'I's before they found the basement or they wouldn't have asked the lady after the fact to sign a form." (R. at 75.)

More troubling than the post-search "consent," however, is the officers' statement they could go get a search warrant if they were not allowed inside. In *Daniel,* our supreme court addressed a situation

involving consensual fingerprinting of a minor. In its discussion, the court reviewed the distinction between an officer's advisement that a search warrant would be obtained as opposed to merely sought. It recognized that an officer's advisement a search warrant would be obtained renders choice illusory and vitiates subsequent consent to search. 582 N.E.2d at 368. The reason for this rule could not be illustrated any better than Barker's own statement at trial. She stated: "Because what am I going to do? He would go away and come right back, wouldn't he?" (R. at 65.) Additionally, the court considered evidence of Barker's age and her relative inexperience with law enforcement officials. These facts serve to make the officers' statement they would obtain a warrant if not allowed inside to search even more coercive.

Affirmed.

BROOK, J., and DARDEN, J., concur.