STATE of Indiana, Appellant–Plaintiff,

v.

Janice K. BARKER, Appellee–Defendant.

No. 71A03–0001–CR–4.

Court of Appeals of Indiana.

Dec. 11, 2000.

Karen Freeman–Wilson, Attorney General of Indiana, Kostas A. Poulakidas, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellant.

## OPINION ON REHEARING

MATTINGLY, Judge

The State petitions for rehearing of our opinion in *State v. Barker*, , 734 N.E.2d 671 (Ind.Ct.App.2000), challenging our characterization of *Daniel v. State*, 582 N.E.2d 364, 369 (Ind.1991) as "recogniz[ing] that an officer's advisement a search warrant would be obtained renders choice illusory and vitiates subsequent consent to search." We grant the State's petition for rehearing to clarify our statement.

Police officers, acting on an anonymous tip that sixty-one-year-old Janice Barker was growing marijuana, went to Barker's home and asked if they could enter her house. They told her they could get a search warrant if she refused them entrance. Relying in part on *Daniel,* we held Barker's consent to the search of her home was not voluntary.

In *Daniel* our supreme court recognized a distinction between situations where police advise a suspect that a search warrant *will be obtained* and situations where the suspect is told only that one will be *sought.* The court also noted that the effect of that distinction is a question of first impression in Indiana. The court found "there was evidence to enable the trial court to find appellant's consent to be fingerprinted was voluntary and valid. Having found Detective Beasley's advisement regarding a warrant to obtain fingerprints to be that one would be sought, rather than routinely obtained, it thus is of no moment that no probable cause existed at the time of the advisement to support issuing such a warrant." 582 N.E.2d at 369.

The State correctly notes that the *Daniel* decision contains no explicit statement that an officer's advisement he would obtain a warrant renders consent to a subsequent search illusory. However, we believe our characterization of *Daniel* is consistent with its reasoning and result, and we reaffirm that characterization.

In *Bumper v. North Carolina,* 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968) the court determined there could be no consent to a search where the purported consent was given only after the officer conducting the search has asserted he *has* a warrant: "the burden [of showing consent was voluntary] cannot be discharged by showing no more than acquiescence to a claim of lawful authority." *Id.* at 548–49, 88 S.Ct. 1788. There was no representation in the case before us that the officers already had a warrant. However, Barker's consent, in light of the officers' representation they could get a warrant if she refused them entry, was no less a matter of acquiescence to the officers' claim of lawful authority.

The State's petition for rehearing is granted for purposes of clarification only, and we re-affirm our opinion.

DARDEN and BROOK, JJ., concur.