**Jason RATLIFF, Appellant**
**(Defendant below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff below).**

No. 49S02–0112–CR–656.

Supreme Court of Indiana.

June 28, 2002.

Robert W. Hammerle, Hammerle & Allen, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## ON PETITION TO TRANSFER

SULLIVAN, Justice.

Defendant Jason Ratliff appeals the trial court's denial of his request that evidence discovered in a search of the truck he crashed while fleeing police not be used against him. Finding that the evidence was discovered in a lawful inventory of the truck's contents, we affirm the trial court's decision.

### Background

In October, 1999, the Louisiana State Police stopped a vehicle in which they found approximately sixty-four thousand doses of valium. The occupants of the car, Roberto Hernandez and Claudia Ortega, indicated that they intended to deliver the valium to Defendant in Indianapolis, Indiana. Detectives in Indianapolis secured a room in a motel to conduct a controlled buy from Defendant. Hernandez contacted Defendant who agreed to conduct the transaction at the motel. When Defendant arrived at the motel, Hernandez gave him a bag containing the valium. Defendant put the bag in his truck, but told Hernandez that he didn't have the money at the time and would have to return to make payment. At that point, officers approached Defendant's vehicle to arrest him, but Defendant attempted to flee in his truck. Defendant crashed into another vehicle in the parking lot and was subsequently arrested.

Shortly after Defendant's arrest, Detective Shapiro drove Defendant's truck to a nearby police facility. Once at the facility, Detective Shapiro conducted an inventory of the Defendant's truck. During the inventory of items in the truck, Detective Shapiro found a suitcase. The detective opened the suitcase, finding approximately $30,000.

Defendant was charged with Dealing a Schedule IV Controlled Substance, a class

C felony;[1] Possession of a Controlled Substance, a class D felony;[2] and Resisting Law Enforcement, a class D Felony.[3]

Defendant filed a motion to suppress the evidence of the $30,000 found in the suitcase, contending that Detective Shapiro conducted an illegal search of his vehicle at the police facility. The prosecution argued that the search fell under the "inventory exception" to the warrant requirement, and that it was also valid as a search incident to an arrest and the "automobile exception" to the warrant requirement. The trial court denied Defendant's motion to suppress on the grounds that it was valid under the automobile exception to the warrant requirement. Having found the search valid on those grounds, the trial court did not reach the issue of whether the evidence was obtained as a result of a valid inventory.

Defendant filed a motion to certify the issue for interlocutory appeal, which the trial court granted. On appeal, the Court of Appeals reversed the trial court, finding that the automobile exception to the warrant requirement did not apply. *See Ratliff v. State*, 753 N.E.2d 38, 45 (Ind.Ct.App. 2001). The Court of Appeals ordered the case remanded to the trial court to determine whether the search of Defendant's vehicle was conducted as a result of a proper inventory.

### Discussion

As an appellate court, we may affirm a trial court's judgment on any theory supported by the evidence. *See Dowdell v. State*, 720 N.E.2d 1146, 1152 (Ind. 1999). We will sustain the trial court if it can be done on any legal ground apparent in the record. *See Jester v. State*, 724 N.E.2d 235, 240 (Ind.2000). Here, the record reflects that the evidence in question was found as a result of a proper inventory of Defendant's vehicle.

The Fourth Amendment protects persons from unreasonable search and seizures and this protection has been extended to the states through the Fourteenth Amendment. U.S. Const. amend. IV; *Mapp v. Ohio*, 367 U.S. 643, 650, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). Generally, the Fourth Amendment prohibits warrantless searches and seizures. *See Trowbridge v. State*, 717 N.E.2d 138, 143 (Ind. 1999), *reh'g denied*. When a search is conducted without a warrant, the State has the burden of proving that an exception to the warrant requirement existed at the time of the search. *See Berry v. State*, 704 N.E.2d 462, 465 (Ind.1998) (citing *Brown v. State*, 691 N.E.2d 438, 443 (Ind.1998)). One exception to the warrant requirement is an inventory search of an impounded vehicle. *See Colorado v. Bertine*, 479 U.S. 367, 371, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987); *South Dakota v. Opperman*, 428 U.S. 364, 372, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976); *Fair v. State*, 627 N.E.2d 427, 430 (Ind.1993).

In determining the propriety of an inventory search, the threshold question is whether the impoundment itself was proper. *See Fair*, 627 N.E.2d at 431. An impoundment is warranted when it is part of "routine administrative caretaking functions" of the police, *see Opperman*, 428 U.S. at 370 n. 5, 96 S.Ct. 3092, or when it is authorized by state statute, *see Goliday v. State*, 708 N.E.2d 4, 7 (Ind.1999); *see, e.g.*, Ind.Code § 9–18–2–43 (1998). To show that the inventory search was part of the community caretaking function, the State must demonstrate that: " 'the belief that the vehicle posed some threat or harm

---

**1.** Ind.Code § 35–48–4–3 (1998).

**2.** *Id.* § 35–48–4–7.

**3.** *Id.* Code § 35–44–3–3.

to the community or was itself imperiled was consistent with objective standards of sound policing, and ... the decision to combat that threat by impoundment was in keeping with established departmental routine or regulation.'" *Woodford v. State,* 752 N.E.2d 1278, 1281 (Ind.2001) (citing *Fair v. State,* 627 N.E.2d 427, 433 (Ind.1993)).

Impounding Defendant's vehicle was consistent with Indiana State Police guidelines. Standard operating procedures regarding abandoned vehicles direct that "[d]epartment personnel shall cause abandoned vehicles or parts of vehicles to be removed to a place of safekeeping." The standard operating procedures state that "an inventory of the property within a vehicle or parts of a vehicle shall be conducted prior to the release of the vehicle and/or parts to a storage area." The guidelines indicate that the policy applies to vehicles that are "involved in accidents [or] traffic hazards."

■ It is apparent from the record that the inventory search in this case was proper. When the police approached Defendant's truck, he attempted to flee but crashed into another car before he could get out of the motel parking lot. The truck was in the parking lot obstructing traffic because it was not in a parking space. Detective Harshman stated that the truck was removed "to get it out of the middle of the parking lot." An officer took the truck to a nearby police facility where the inventory occurred.

The record includes the inventory sheet filled out by Detective Shapiro. Upon Defendant's arrest, his vehicle had just been in an accident and was abandoned in the middle of the motel parking lot creating a traffic hazard. It was therefore consistent with state police operating procedures to secure the car and inventory the contents. The police impoundment and inventory of Defendant's vehicle was therefore conducted as part of its community care taking function. *See Stephens v. State,* 735 N.E.2d 278, 282 (Ind.Ct.App.2000) (finding it reasonable to impound a vehicle that faced the wrong way on a narrow residential street near a high-traffic intersection); *U.S. v. Rodriguez–Morales,* 929 F.2d 780, 785 (1st Cir.1991) (finding the community caretaking function applicable where the arrest of a driver left his vehicle unattended on a public highway).

### Conclusion

Having granted transfer, thereby vacating the opinion of the Court of Appeals, we affirm the trial court's denial of Defendant's motion to suppress.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.