Bruce William ROEHLING,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–0202–CR–82.

Court of Appeals of Indiana.

Oct. 18, 2002.

Robert W. Wright, Doyle Wright & Dean–Webster, LLP, Greenwood, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Bruce Roehling appeals the trial court's denial of his motion to suppress evidence recovered during a search of his vehicle. We reverse.

### Issue

The sole restated issue before us is whether the State adequately established an exception to the warrant requirement to justify the search of Roehling's vehicle.

### Facts

On June 15, 2001, Roehling went to a residence to look into a problem with the floor. Shortly after he arrived, police officers came to the residence and placed Roehling and two others at the residence in handcuffs in order to execute a search warrant for the residence that was directed towards Ronnie Williams. Police discovered a large quantity of cocaine in the residence, but found no evidence connecting it to Roehling.

However, before the search began, Officer Jeffrey McCorkle announced that he had a warrant to search the house and all the vehicles on the premises, and asked Roehling and the other two if there was anything they had on them the police needed to know about before the search began. Roehling, who had been Mirandized, then volunteered that he had an unlicensed handgun in his vehicle. Officer McCorkle retrieved the handgun and also discovered some marijuana in the ashtray.

Roehling was charged with carrying a handgun without a license and possession of marijuana under thirty grams, both Class A misdemeanors. Roehling filed a motion to suppress the marijuana and handgun recovered during the search of his vehicle. After conducting a hearing, the trial court denied the motion on November 19, 2001, and refused to reconsider that denial on December 3, 2001. We have agreed to entertain Roehling's interlocutory appeal challenging these rulings.

### Analysis

■ "We review the denial of a motion to suppress evidence in a manner similar

to allegations of insufficient evidence." *Berry v. State,* 766 N.E.2d 805, 807 (Ind. Ct.App.2002), *trans. denied.* We do not reweigh the evidence and consider conflicting evidence in a light most favorable to the trial court's ruling. *Id.* "However, unlike the typical sufficiency of the evidence case where only the evidence favorable to the judgment is considered in reviewing a denial of a motion to suppress, we must also consider the uncontested evidence most favorable to the defendant." *Id.*

▉▉▉ The State has never presented any evidence that, in fact, the warrant to search Williams' residence also authorized the search of all vehicles on the premises. Therefore, we are addressing the legality of a warrantless search. Generally, the Fourth Amendment to the United States Constitution prohibits warrantless searches and seizures. *Ratliff v. State,* 770 N.E.2d 807, 809 (Ind.2002). "When a search is conducted without a warrant, the State has the burden of proving that an exception to the warrant requirement existed at the time of the search." *Id.* One such exception is the warrantless seizure of items from an automobile where an officer has probable cause to believe that the property to be seized is connected to criminal activity. *See Justice v. State,* 767 N.E.2d 995, 996 (Ind.Ct.App.2002).

Here, the State argues that Officer McCorkle had probable cause to search Roehling's vehicle because of Roehling's statement, after he had been Mirandized, that he had an unlicensed handgun in the vehicle. The State fails to address Roehling's complaint as to how probable cause was obtained. At the motion to suppress hearing, Roehling testified that Officer McCorkle announced upon his arrival "that

he had a warrant to search the house and all the vehicles on the premises." Tr. p. 8. The State did not attempt to rebut this testimony at the suppression hearing and it makes no attempt to call it into question on appeal. Our standard of review for a motion to suppress requires us to consider Roehling's uncontested testimony. *See Berry,* 766 N.E.2d at 807. Officer McCorkle then asked Roehling and the others "if they had anything on them" that the police should know about before they began searching, at which time Roehling volunteered the information regarding his gun. Tr. p. 4. The State presented no evidence that the warrant Officer McCorkle possessed in fact included the vehicles on the premises, contrary to Officer McCorkle's representation. We now consider the effect of this evidence on the legality of the search.

▉▉▉ When the question is whether a person has voluntarily consented to a search, it is abundantly clear that police cannot obtain consent to a search by falsely representing that they have a warrant to search regardless of consent because the "situation is instinct with coercion . . . . Where there is coercion there cannot be consent." *Bumper v. North Carolina,* 391 U.S. 543, 549–50, 88 S.Ct. 1788, 1792, 20 L.Ed.2d 797 (1968); *see also State v. Barker,* 739 N.E.2d 192, 193 (Ind.Ct.App.2000) (holding that police representation that they could obtain search warrant for home if resident did not consent to search rendered consent illusory).[1] As the trial court found, this is not, strictly speaking, a case involving consent. Roehling never consented to the search because he was never asked to consent. Instead, the police incorrectly represented that they already

---

1. We also observe that, many years before *Bumper,* our supreme court recognized the principle that a consent to search is invalid if it is given in response to police representa-

tions that they already have a warrant. *Meno v. State,* 197 Ind. 16, 24, 164 N.E. 93, 96 (1925).

had a warrant to search the vehicles on the premises and suggested that the presence of any contraband should be disclosed before the search began.

Thus, the issue is actually whether Roehling's post-Miranda admission that he had an unlicensed handgun in his vehicle was voluntary. The voluntariness of a confession is determined from the "totality of the circumstances," which generally focuses on the entire interrogation, not on any single act by police or condition of the suspect. *Luckhart v. State*, 736 N.E.2d 227, 229 (Ind.2000). Although deception on the part of police is not conclusive, it does weigh heavily against the voluntariness of a defendant's confession. *Id.* Additionally, it is clear from *Bumper* and *Barker* that false police representations as to the existence of a search warrant are especially egregious. Furthermore, the definition of "voluntariness" as applied to consent searches is the same as it is for confessions. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 229, 93 S.Ct. 2041, 2049, 36 L.Ed.2d 854 (1973) (finding no reason to depart from traditional definition of "voluntariness" applicable to confessions when considering consent searches). Thus, at this intersection of Fourth Amendment law on searches and seizures and Fifth Amendment law on confessions, we hold that police deception concerning the existence of a search warrant vitiates the voluntariness of an admission, given in response to police questioning, regarding evidence that might be found in the place falsely represented to be covered by a warrant. An admission obtained in such a fashion cannot be used to establish probable cause to search. *See Esquerdo v. State*, 640 N.E.2d 1023, 1030 (Ind.1994) (holding police officers cannot rely upon illegally obtained evidence to establish probable cause for search).

We do not believe that the results in *Bumper* or *Barker* would have been different if, rather than directly asking for consent to search after misrepresenting that they already had a search warrant or could automatically get one, the police in those cases instead asked if the homeowner had anything to reveal before the search commenced, and thereby obtained probable cause necessary to actually acquire a search warrant. Additionally, neither *Bumper* nor *Barker* indicates that their reasoning should be restricted to searches of homes. To uphold the search of Roehling's vehicle would be to condone an end-run around the principle announced in *Bumper*. We decline to do so. Roehling's admission that his vehicle contained an unlicensed handgun was obtained only after the police incorrectly represented that they already had a warrant to search it and asked Roehling if he wished to disclose anything to the police before they began searching. We conclude under these facts that Roehling's admission was improperly obtained and could not provide probable cause to search his vehicle, thus rendering the search illegal. The evidence recovered during that search must be suppressed.

### Conclusion

The trial court erred in denying Roehling's motion to suppress. We reverse.

Reversed.

BAKER, J., and VAIDIK, J., concur.