## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 25 2016, 8:17 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael J. Kyle
Franklin, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| David Bryan Cunningham, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | August 25, 2016 <br><br> Court of Appeals Case No. <br> 41A01-1602-CR-237 <br><br> Appeal from the Johnson Superior Court <br><br> The Honorable Cynthia S. Emkes, Judge <br><br> Trial Court Cause No. <br> 41D02-1401-FD-47 |

**Altice, Judge.**

[1] Following a jury trial, David Cunningham was convicted of class D felony battery and class A misdemeanor resisting law enforcement. On appeal,

Cunningham argues that the trial court abused its discretion by refusing to instruct the jury on self-defense.

[2] We affirm.

## Facts & Procedural History

[3] On the afternoon of January 9, 2014, Officer Jacob York of the Greenwood Police Department, Sergeant Steven Fitzpatrick of the Indianapolis Metropolitan Police Department, Indiana State Trooper Brian Harshman, and a number of other law enforcement officers were executing arrest warrants as part of their work with an inter-agency task force dedicated to apprehending violent fugitives. The officers went to a residence in Nineveh in an attempt to locate Cunningham's son, Christopher, who was wanted on a probation violation warrant. When Officer York knocked on the front door, Cunningham answered and told Officer York that he was not in need of assistance and the officers could leave. Officer York explained that the officers were looking for Christopher, and Cunningham responded that Christopher did not live there. Officer York told Cunningham that the officers had a warrant for that address and that if Cunningham did not open the door, they would force entry. Cunningham then told Officer York to go to the back door.

[4] Officer York and Sergeant Fitzpatrick went to the back door, and when Cunningham appeared, Officer York again explained that he had a warrant and needed to go inside. Cunningham asked to see the warrant, and as Officer York began removing the warrant from its folder, Cunningham said he needed

his glasses and went back inside, closing the door behind him. Several minutes later, Cunningham came back outside with a jacket and glasses. Officer York showed him the warrant, and Cunningham reached into his pocket and pulled out a cell phone. Cunningham told Officer York that he was going to call the judge to find out what was going on. At that point, Officer York told Cunningham "that's enough" and grabbed Cunningham's left wrist and placed his hand on his lower back in an attempt to escort him away from the house. *Transcript* at 44. Cunningham then threw a punch at Officer York, but missed. Sergeant Fitzpatrick and Trooper Harshman both intervened, and Cunningham fought with all three officers. During the altercation, Cunningham punched Sergeant Fitzpatrick in the back of the head and Trooper Harshman sustained a badly skinned thumb. Once the officers subdued him, Cunningham started yelling for Christopher. Christopher was subsequently located inside the house and taken into custody.

[5]    As a result of these events, the State charged Cunningham with two counts of class D felony battery—one count with Sergeant Fitzpatrick as the victim and the other with Trooper Harshman as the victim—and class A misdemeanor resisting law enforcement. A jury trial was conducted on August 25, 2015, and Cunningham was found guilty of battery on Sergeant Fitzpatrick and resisting law enforcement, but acquitted of battery on Trooper Harshman. Cunningham now appeals. Additional facts will be provided as necessary.

## Discussion & Decision

[6] Cunningham argues that the trial court abused its discretion by refusing to instruct the jury on self-defense. As this court has explained,

> [t]he purpose of jury instructions is to inform the jury of the law applicable to the facts without misleading the jury and to enable it to comprehend the case clearly and arrive at a just, fair, and correct verdict. In reviewing a trial court's decision to give a tendered jury instruction, we consider (1) whether the instruction correctly states the law, (2) is supported by the evidence in the record, and (3) is not covered in substance by other instructions. The trial court has discretion in instructing the jury, and we will reverse only when the instructions amount to an abuse of discretion. To constitute an abuse of discretion, the instructions given must be erroneous, and the instructions taken as a whole must misstate the law or otherwise mislead the jury. We will consider jury instructions as a whole and in reference to each other, not in isolation.

*Munford v. State*, 923 N.E.2d 11, 14 (Ind. Ct. App. 2010) (quoting *Murray v. State*, 798 N.E.2d 895, 899-900 (Ind. Ct. App. 2003)).

[7] In this case, Cunningham tendered a self-defense instruction based on Criminal Instruction 10.0700 of the Indiana Pattern Jury Instructions. The State concedes that the instruction correctly stated the law and was not covered in substance by other instructions. Thus, the only issue we must consider is whether the instruction was supported by the evidence in the record.[1] A

---

[1] Cunningham also argues that the trial court denied his proposed self-defense instruction based on its erroneous finding that the request was untimely pursuant to Ind. Code § 35-41-3-11, also known as the "effects of battery statute." *See Marley v. State*, 747 N.E.2d 1123, 1126 (Ind. 2001). Cunningham argues that I.C. § 35-41-3-11 is inapplicable to the facts of this case, a point the State concedes. We note, however, that the trial court's decision appears to have been premised on both the lack of notice and a finding that the

defendant is entitled to a jury instruction on any theory of defense which has some foundation in the evidence. *Hernandez v. State*, 45 N.E.3d 373, 376 (Ind. 2015). "We apply this rule even if the evidence is weak and inconsistent so long as the evidence presented at trial has some probative value to support it." *Id.* (quoting *Howard v. State*, 755 N.E.2d 242, 247 (Ind. Ct. App. 2001)).

[8] I.C. § 35-41-3-2(i) provides in relevant part that a person is justified in using reasonable force against a public servant if the person reasonably believes the force is necessary to protect himself from the imminent use of unlawful force. A defendant claiming self-defense must show that he: (1) was in a place where he had a right to be; (2) acted without fault; and (3) was in reasonable fear or apprehension of bodily harm. *Henson v. State*, 786 N.E.2d 274, 277 (Ind. 2003). If Cunningham presented some evidence that could support finding each of these factors, he was entitled to a self-defense instruction. *See Hernandez*, 45 N.E.3d at 377.

[9] Cunningham argues that testimony establishing that Officer York initiated physical contact with him by grabbing his wrist provided some support for the proposition that he was in reasonable fear of the imminent use of unlawful force. Even if we assume that Cunningham was subjectively in fear, he has not

instruction was not supported by the evidence in the record. *Transcript* at 137 ("I did take some time during the break to look at this issue. Not only the timeliness of it but you know, when it's raised and whether or not there's support in the evidence for it. So I am going to deny defendant's proposed . . instruction."). In any event, this court "will sustain the trial court if it can be done on any legal ground apparent in the record." *Ratliff v. State*, 770 N.E.2d 807, 809 (Ind. 2002). Because we find it dispositive, we will focus our attention on the question of whether the proposed self-defense instruction was supported by the evidence in the record.

directed our attention to any evidence suggesting that such fear was objectively reasonable. *See Russell v. State*, 997 N.E.2d 351, 353 (Ind. 2013) (explaining that "a claim of self-defense must be evaluated . . . by considering the objective reasonableness of the defendant's belief that he was in imminent harm"). The officers were wearing clothing clearly identifying them as law enforcement officers, and Officer York explained to Cunningham that they were there to execute a warrant for Christopher's arrest. Officer York informed Cunningham that the officers had the right to enter the home by force if necessary, but instead of doing so, the officers complied with Cunningham's request to go to the back door. When Cunningham abruptly went back inside the house to retrieve his glasses, the officers waited several minutes for him to come back outside. When Cunningham asked to see the warrant, Officer York provided it to him. It was not until Cunningham pulled out a cell phone and stated that he was going to call the judge that Officer York grabbed Cunningham's wrist and placed his hand on his back in an attempt to escort him away from the house. There is no evidence that Officer York did so aggressively or caused Cunningham any pain or injury. Nevertheless, Cunningham started throwing punches, necessitating the intervention of two other officers to subdue him. We cannot conclude that this evidence could support a finding that Cunningham was in reasonable fear of bodily harm, nor could it support a finding that he acted without fault. We therefore conclude that the trial court did not abuse its discretion in refusing to instruct the jury regarding self-defense.

[10] Judgment affirmed.

Bradford, J. and Pyle, J., concur.