Ruth Ann GARDNER, Michael Coffman, Michael Finnigan, and Theodore Rachofsky, individually and on behalf of those similarly situated, Plaintiffs,

v.

Honorable Louis J. CECI, individually and as Judge of County Court, Branch 3, Milwaukee County, Wisconsin, John J. Fleming, individually and as City Attorney of the City of Milwaukee, Wisconsin, and Harold A. Brier, individually and as Chief of Police of the City of Milwaukee, Wisconsin, and their Agents, Assistants, Successors, Employees, Attorneys and All Persons Acting in Concert or Cooperation with Them or at Their Direction or Under Their Control, Defendants.

Civ. A. No. 69–C–313.

United States District Court,
E. D. Wisconsin.

April 30, 1970.

William M. Coffey, Milwaukee, Wis., for plaintiffs.

Robert P. Russell, Corp. Counsel, and Gerald G. Pagel, Asst. Corp. Counsel, Milwaukee, Wis., for defendant Louis J. Ceci.

Thomas J. Balistreri, Asst. City Atty., Milwaukee, Wis., for defendant John J. Fleming.

Thomas E. Hayes, Asst. City Atty., Milwaukee, Wis., for defendant, Harold A. Brier.

### OPINION AND ORDER

REYNOLDS, District Judge.

This is an action brought under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction based on 28 U.S.C. § 1343. Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring Section 106–2(a) of the General Ordinances of the City of Milwaukee to be unconstitutional, and injunctive relief restraining the defendants from enforcing the ordinance against plaintiffs.

Plaintiffs bring this action on their own behalf and on behalf of approximately 64 other persons who, along with individual plaintiffs, were arrested on April 22, 1969 during a demonstration inside the Joan of Arc Chapel at Marquette University in Milwaukee. All of those arrested were charged with violating section 106–2(a) and their cases are now pending in the County Court of Milwaukee County.

### DECLARATORY RELIEF

Section 106–2(a) [1] provides:

106–2. INTOXICATION: Indecent or Disorderly Conduct.

(a) Any person who shall be found intoxicated in the City of Milwaukee, or who shall make use of any vulgar or obscene language, or who shall make use of any loud, boisterous, insulting or threatening language, or who shall refuse to abide by an orderly ruling made by a person in authority, or who shall engage in any violent, abusive, loud, boisterous, vulgar, lewd, wanton, obscene, or otherwise disorderly conduct tending to create or provoke a breach of the peace, or to disturb or annoy others, whether in a public or private place, in said city of Milwaukee, shall forfeit a penalty of not less than one dollar ($1) nor more than one hundred dollars ($100).

It is clear that "The right of free speech, though sacred to our ordered sense of liberty is not unrestricted." Cox v. Louisiana, 379 U.S. 536, 85 S.Ct. 453, 13 L.Ed.2d 471 (1965). However, it is equally clear that where an ordinance " * * * makes peaceful enjoyment of freedoms which the Constitution guar-

1. Since the commencement of this suit the City of Milwaukee Common Council repealed section 106–2(a), and enacted a new disorderly conduct ordinance.

antees contingent upon the uncontrolled will of an official * * * [it] is an unconstitutional censorship or prior restraint upon the enjoyment of those freedoms * * *." Shuttlesworth v. City of Birmingham, 394 U.S. 147, 89 S.Ct. 935, 22 L.Ed.2d 162 (1969).

■ This ordinance punishes one "* * * who shall refuse to abide by an orderly ruling made by a person in authority * * *." This phrase leaves determination of what is legal behavior to the unfettered and arbitrary discretion of the individual "person in authority," and is unconstitutionally broad. See Shuttlesworth v. City of Birmingham, supra. This phrase in the ordinance "* * * does not provide for government by clearly defined laws, but rather for government by the moment-to-moment opinions of a policeman on his beat." Cox v. Louisiana, 379 U.S. 559, 579, 85 S.Ct. 453, 469, 13 L.Ed.2d 487 (1964).

■■ In addition the ordinance offends Constitutional standards in that it prohibits "loud" and "boisterous" language. The prohibition of "noise" per se is unconstitutional, Edwards v. South Carolina, 372 U.S. 229, 83 S.Ct. 680, 9 L. Ed.2d 697 (1963), and "* * * ordinances prohibiting 'noise' are valid only to the extent that they are necessary to the protection of other important public interests, e. g., the prohibition of horn blowing or other noise in a hospital zone." Landry v. Daley, 280 F.Supp. 968 (N.D. Ill.1968).

■ The ordinance also proscribes conduct that tends to "disturb or annoy others." Webster defines "disturbance" in part as "an interruption of a state of peace or quiet," or "an interference with a planned, ordered or regular procedure, state or habit." [2] The language of the ordinance is both vague and overbroad. The constitutionally protected exercise of free expression frequently causes a disturbance, for the very purpose of the First Amendment is to stimulate the creation and communication of new, and therefore often controversial ideas. The prohibition against conduct that tends to disturb another would literally make it a crime to deliver an unpopular speech that resulted in a "disturbance." Such a restriction is a clearly invalid restriction of constitutionally protected free expression. Landry v. Daley, supra, at 971.

In sum, the ordinance is replete with constitutional infirmities and a declaratory judgment to that effect will be entered.

## INJUNCTIVE RELIEF

■ Because I have found that the ordinance in question is unconstitutional on its face in that it unreasonably restricts freedom of expression, this action falls within the "special circumstances" described by the Supreme Court in Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965) which determine that abstention by the federal district court is inappropriate.

28 U.S.C. § 2283 provides:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

While the Supreme Court has expressly reserved for future determination whether or not 42 U.S.C. § 1983 is an "expressly authorized" exception to 2283, the Third Circuit has held that 1983 does constitute such an express authorization. Cooper v. Hutchinson, 184 F.2d 119, 124 (3rd Cir. 1950). The Seventh and Fourth Circuits have held that it does not. Goss v. State of Illinois, 312 F.2d 257, 259 (7th Cir. 1963); Smith v. Village of Lansing, 241 F.2d 856, 859 (7th Cir. 1957); Baines v. City of Danville, 337 F.2d 579 (4th Cir. 1964).

However, in a recent decision Judge Doyle of the Western District of Wisconsin said:

"In a dissenting opinion in Zwicker v. Boll, 270 F.Supp. 131 (W.D.Wis.

---

2. Webster, New International Dictionary (3d ed. 1961, Unabridged, p. 661).

1969), I concluded that the logic of the doctrines exemplified in Thornhill v. State of Alabama, 310 U.S. 88 [60 S.Ct. 736, 84 L.Ed. 1093] (1940); N. A. A. C. P. v. Button, 371 U.S. 415 [83 S.Ct. 328, 9 L.Ed.2d 405] (1965); and *Dombrowski, supra,* compel the conclusion that in a proper case 42 U.S.C. § 1983 permits a federal court to stay proceedings in a state court, despite 28 U.S.C. § 2283.

"Since *Zwicker, supra,* Landry v. Daley, 288 F.Supp. 200 (N.D.Ill.1968) has been decided. The court noted that '[i]nferentially at least, [the Supreme Court's decision in *Dombrowski, supra,* and Cameron v. Johnson, 390 U.S. 611 (88 S.Ct. 1335, 20 L.Ed.2d 182) (1968)] would appear inconsistent with the earlier Fourth and Seventh Circuit decisions holding section 2283 a bar and consistent with the contrary decision of the Third Circuit.' *Landry, supra,* at 224 (sic 225) I believe that *Dombrowski* and *Cameron* permit me to treat the question as an open question in this circuit. Section 2283 'is inapplicable where it is proven that a state statute is unconstitutional as too vague or broad or is being enforced in bad faith for the purpose of discouraging protected activity.' *Landry, supra,* at 224." Amato v. Ruth, et al. (W.D. Wis. Jan. 16, 1970).

I fully concur with Judge Doyle's analysis. I only add that to limit 1983 to those cases where the plaintiff has instituted such a suit in federal court before formal charges were brought against him in the state courts would have little basis in logic. In a proper case, where the statute in question is either patently unconstitutional on its face, or is being applied in a bad faith attempt to discourage constitutionally protected activities, and particularly where First Amendment rights are involved, the federal courts should be available to fully vindicate the rights of the citizens of this country.

Therefore, because the ordinance in question is patently unconstitutional in that it violates the safeguards of the First Amendment, the state court prosecutions of the individual plaintiffs and the class of persons they represent, who are likewise being prosecuted, should be permanently enjoined.

THEREFORE IT IS ORDERED:

(1) That Plaintiffs' request for declaratory judgment declaring that section 106–2(a) of the General Ordinances of the City of Milwaukee is unconstitutional is granted.

(2) That Plaintiffs' motion for permanent injunction enjoining defendants from enforcing section 106–2(a) of the General Ordinances of the City of Milwaukee against plaintiffs and the members of their class is granted.