**STATE of Indiana, Appellant (Petitioner Below),**

v.

**William COSTAS, Appellee (Respondent Below).**

No. 64S00–8705–CV–494.

Supreme Court of Indiana.

April 9, 1990.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellant.

Jonathan R. O'Hara, Valparaiso, for appellee.

DICKSON, Justice.

The defendant, William Costas, a resident of Porter County, was charged with a Class C infraction under Ind.Code § 13–1–1–9 for failure to have his automobile emissions tested pursuant to 325 IAC 13–1.1. The trial court granted the defendant's motion to dismiss, finding the statute unconstitutional as applied. In this direct appeal pursuant to Ind.Appellate Rule 4(A)(8), the State's enumeration of claimed errors includes the contention that the trial court erred in determining the statute and its implementing regulations to be unconstitutional as applied.

In an effort to improve and control ambient air quality, Congress enacted the 1977 Amendments to the Clean Air Act, 42 U.S.C. § 7401 *et seq.* The Environmental Protection Agency established the National Ambient Air Quality Standards (NAAQS) for various pollutants, including ozone and carbon monoxide. Individual states unable to comply with the NAAQS were required to submit State Implementation Plans (SIP) demonstrating reasonably available methods to achieve the required NAAQS levels for those areas with substandard air quality by December 31, 1982. Failure to attain certain levels of air quality or the failure to submit a SIP would result in federal sanctions, including the loss of sewage treatment construction grants and federal highway construction funds. Those states which would have affected areas unable to comply with the December 31, 1982, deadline were able to request an extension of five years. Congress determined that a principal contributing factor to the increased ozone and carbon monoxide levels in the atmosphere was the ever-increasing use of motor vehicles. Therefore, in order to obtain a five-year extension, a state was required to submit a SIP that included an Inspection and Maintenance Program (I/M) for testing vehicle emissions for vehicles in the nonattainment areas.

The Indiana General Assembly created the Indiana Air Pollution Control Board and enacted Ind.Code § 13–1–1–9, designating the refusal to comply with any rule issued by the Air Pollution Control Board to be a Class C infraction. Testing revealed that eight counties in Indiana had failed to comply with the NAAQS levels for ozone and carbon monoxide. Because only four of the eight counties would be in compliance by December 31, 1982, the State requested an extension of five years to achieve compliance. Accordingly, the State was required to file a SIP including an I/M Program for the four nonattainment coun-

ties.[1] To avoid the federal sanctions, the state of Indiana adopted the 1982 SIP for ozone and carbon monoxide, 325 IAC 13-1.-1, which required all motor vehicles registered to residents of the four designated counties, and all vehicles used more than 50 percent of the time in those counties, except those exempted by regulation, to be inspected annually.

After being charged with the Class C infraction, the defendant filed a motion to dismiss in the trial court, claiming that 325 IAC 13-1.1-1 as incorporated in Ind.Code § 13-1-1-9 violates the Privileges and Immunities Clause of the Indiana Constitution[2] and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.[3]

In its order granting the defendant's motion to dismiss, the trial court found that the statute was "not unconstitutional on its face," but emphasized that the emission testing program was imposed on only four Indiana counties; that the statute does not apply to automobiles driven through the four counties, but requires testing only of those vehicles whose owners reside therein; that there is no rational basis to require emission testing in Lake and Porter counties, "separate and distinct from the other variable factors" such as "interstate and intercounty travel, the highly industrial nature of the area, and the geographical proximity to the Chicago area and accompanying weather and wind patterns"; that such other factors contribute significantly to the nonattainment levels; that the 50 percent rule is "of no practical effect" and "virtually impossible to enforce"; and that the statute has no rational basis for imposing the emission testing program only upon the resident automobile owners of Lake and Porter counties. The trial court concluded that the statute was unconstitutional as applied to the residents of these two counties.

Because the trial court found the I/M program as implemented through Ind.Code § 13-1-1-9 to be not unconstitutional on its face, and because the appellee does not assert any appellate claim that the trial court erred in so finding, the sole issue on appeal is whether the trial court erred in concluding that it was unconstitutional as applied.

■ Appellate review of constitutional challenges to statutory enactments is governed by well-established principles:

In considering these constitutional challenges, we accord this Act with every reasonable presumption supporting its validity and place the burden upon the party challenging it to show unconstitutionality. Before a statute will be declared repugnant to the Constitutions its fatal constitutional defects must be clearly apparent. A statute is not unconstitutional simply because the court might consider it born of unwise, undesirable, or ineffectual policies. [citations omitted]

*Johnson v. St. Vincent Hosp., Inc.* (1980), 273 Ind. 374, 381-82, 404 N.E.2d 585, 591. Furthermore, the defendant-appellee has not filed a brief supporting the trial court ruling in his favor. Under the circumstances, the State need only establish a *prima facie* showing of error to win reversal. *Berry et al. v. Town of Fowler* (1960), 240 Ind. 443, 166 N.E.2d 333.

■ Denial of equal protection under the Fourteenth Amendment can take either of two forms: "(1) The law itself discriminates on its face against a protected class of persons, or (2) the manner in which the law, which is otherwise constitutional, is administered by state officials discriminates against a protected class of persons." *Owens v. State ex rel. VanNatta* (1978), 178 Ind.App. 406, 411, 382 N.E.2d 1312,

---

1. The nonattainment counties were Clark, Floyd, Lake, and Porter.

2. Article 1, Section 23 of the Constitution of Indiana states: "The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens."

3. Section 1 of the Fourteenth Amendment to the Constitution of the United States provides: "... No state shall make or enforce any law which shall deny to any person within its jurisdiction the equal protection of the laws."

1315. The issue presented in this appeal involves the latter.

Although denominated by the appellee-respondent as a motion to dismiss and referred to by the trial court likewise in its order granting the motion, Ind.Trial Rule 12(B) provides that motions to dismiss asserting the failure to state a claim upon which relief can be granted should be treated as motions for summary judgment when matters outside the pleading are presented to and not excluded by the court. While respondent's motion to dismiss did not specifically identify the ground under T.R. 12(B), the constitutional claim necessarily falls under 12(B)(6), failure to state a claim under which relief can be granted. Because the trial court conducted an evidentiary hearing, we shall review its grant of the motion as a ruling upon a motion for summary judgment.

Neither the trial court findings nor the respondent-appellee's motion to dismiss and supporting memorandum directed our attention to any evidence showing that the respondent-appellee is entitled to a judgment as a matter of law upon the grounds that the regulations and statute were unconstitutionally applied. Apart from that implicit in the substantive content of the regulations and statute, we find no evidence that government officials administered the program, declared by the trial court to be constitutional on its face, in a discriminatory manner against a protected class of persons.

For these reasons, we reverse the order granting the respondent-appellee's motion to dismiss. This cause is remanded to the trial court for further proceedings not inconsistent with this opinion.

SHEPARD, C.J., and DeBRULER and GIVAN, JJ., concur.

PIVARNIK, J., not participating.