Carson LUTZ, Appellant–Defendant,

v.

The CITY OF INDIANAPOLIS, Appellee–Plaintiff.

No. 49A05–0404–CV–198.

Court of Appeals of Indiana.

Jan. 18, 2005.

Stephen Gerald Gray, Indianapolis, IN, Attorney for Appellant.

Shelese Woods, Office of Corporation Counsel, Indianapolis, IN, Attorney for Appellee.

## OPINION

ROBB, Judge.

After a bench trial, the trial court found that Carson Lutz violated the City of Indianapolis' ("City") unlawful noise ordinance ("Ordinance"). Lutz now appeals. We reverse.[1]

1. We heard oral argument on this case on December 7, 2004, at Zionsville Community High School in Zionsville, Indiana. We thank the attorneys for their capable advocacy and the staff and students at Zionsville Community High School for their gracious reception.

*Issue*

Lutz raises three issues for our review, but we find one issue to be dispositive: whether the Ordinance is unconstitutionally vague.

*Facts and Procedural History*

On Saturday, October 4, 2003, at approximately 12:45 p.m., Indianapolis Police Department Officer Benjamin Hunter was waiting in the left turn lane at a traffic light at the intersection of 21st Street and Post Road on the east side of Indianapolis when he heard music with bass reverberating from a vehicle, driven by Lutz, that had pulled up behind him. Both vehicles turned left onto 21st Street and proceeded to the next intersection at Mitthoeffer Road. When both vehicles stopped for a traffic light, Officer Hunter again heard music with bass reverberating from Lutz' vehicle. When the traffic light turned green, Officer Hunter initiated a traffic stop and cited Lutz for violating the City's unlawful noise ordinance, Indianapolis, Ind., Revised Code of the Consolidated City and County Section 391–302.

The matter was subsequently set for bench trial. At trial, Lutz argued that (1) the Ordinance was unconstitutionally vague; (2) the Ordinance was preempted by the State's disorderly conduct statute; and (3) the City failed to present sufficient evidence that Lutz violated the Ordinance. The trial court took the matter under advisement and subsequently issued the following decision:

Comes now the Court and finds that Sec. 391–302 of the Revised Code is not unconstitutional as applied; that Sec. 391–302 is not pre-empted by Ind.Code [section] 35–45–1–3; and that the City

met its burden to prove a violation of said Ordinance.

Appellant's Appendix at 4. The trial court thus entered judgment against Lutz, and Lutz now appeals.

## Discussion and Decision

### I. Standard of Review

When reviewing a constitutional challenge to a municipal ordinance, we treat the ordinance as if it stands on the same footing as an act of the legislature. *Lex, Inc. v. Bd. of Trs. of the Town of Paragon*, 808 N.E.2d 104, 110 (Ind.Ct.App. 2004), *trans. denied.* Thus, a municipal ordinance is presumed to be constitutional, and we place the burden upon the party challenging the ordinance to show unconstitutionality. *Id.* An ordinance is unconstitutionally vague only if individuals of ordinary intelligence cannot adequately comprehend the ordinance so as to inform them of the prohibited conduct. *Vaughn v. State*, 782 N.E.2d 417, 420 (Ind.Ct.App. 2003), *trans. denied.* An ordinance need not list with exactitude each item of prohibited conduct; rather, an ordinance need only inform an individual of the generally prohibited conduct. *Wright v. State*, 772 N.E.2d 449, 457 (Ind.Ct.App.2002).

### II. Vagueness

The Ordinance provides, in pertinent part,

(a) Except as otherwise provided in this section, it shall be unlawful for any person to make, continue or cause to be made or continued any loud, unnecessary or unusual noise, or any noise which either annoys, disturbs, injures or endangers the comfort, repose, health and peace or safety of others within the city. Accordingly, the following acts, among others, are declared to be loud, disturbing and unnecessary noises and in violation of this section, but such enumeration shall not be deemed to be exclusive:

. . .

(2) *Radios and phonographs.* Playing, using or operating, or permitting to be played, used or operated, any radio or television receiving set, musical instrument, phonograph, calliope or other machine or device for producing or reproducing sound in such a manner as to disturb the peace, quiet and comfort of the neighboring inhabitants, or at any time with louder volume than is necessary for convenient hearing for the person or persons who are in the room, vehicle or chamber in which such machine or device is operated, and who are voluntary listeners thereto, except when a permit therefor for some special occasion is granted. The operation of any such set, instrument, phonograph, machine or device between the hours of 11:00 p.m. and 7:00 a.m. in such a manner as to be plainly audible at a distance of fifty (50) feet from the building, structure or vehicle in which it is located shall be prima facie evidence of a violation of this subsection.

Indianapolis, Ind., Rev.Code of the Consol. City and County § 391–302(a)(2).

Lutz contends the Ordinance is unconstitutionally vague because it prohibits *any* unusual or unnecessary noise, or *any* noise that annoys others within the city. The City counters that in *Price v. State*, 622 N.E.2d 954 (Ind.1993), our supreme court upheld the constitutionality of a similar statute, Indiana's disorderly conduct statute, against a vagueness challenge. That statute provides in pertinent part, "A person who recklessly, knowingly, or intentionally . . . makes unreasonable noise and continues to do so after being asked to stop . . . commits disorderly conduct, a Class B misdemeanor." Ind.Code § 35–45–1–3(2). Thus, the City argues that be-

cause Indiana's disorderly conduct statute refers only to "unreasonable" noise, but its Ordinance prohibits a myriad of noises, including loud, unnecessary, or unusual noise, or any noise that annoys others, then the Ordinance is even clearer than the disorderly conduct statute and should survive Lutz' vagueness challenge.

We disagree. In *Price*, a bystander was arrested for disorderly conduct after yelling loud profanities at a police officer who was attempting to arrest someone. Our supreme court held the statute was not unconstitutionally vague for two reasons: (1) the statute employed a "reasonableness" test, which provided an intelligible enforcement guideline for police officers and prosecutors, and discouraged arbitrary and discriminatory enforcement; and (2) because the statute was violated only after an individual was first asked to stop the unreasonable noise, such a warning requirement provided a special protection for those individuals who might not realize that their noise was unreasonable. Thus, the statute provided fair notice to a person of ordinary intelligence that his contemplated conduct was forbidden. *Price*, 622 N.E.2d at 967.

The myriad of noises that the Ordinance in the instant case prohibits is exactly the reason that it is unconstitutionally vague. Indiana's disorderly conduct statute is narrowly tailored to prohibit "unreasonable" noise made only after an individual has been warned about his conduct. The Ordinance in the instant case, however, does not include an objective test; instead, Lutz correctly notes that it prohibits *any* noise that is "loud," "unnecessary," or "unusual," or that annoys or disturbs others. When addressing whether there was sufficient evidence in *Price* to support the bystander's conviction for disorderly conduct, our supreme court stated,

While actual discomfort to persons of ordinary sensibilities will often be the grist of tortious conduct, there need not be proof of physical damage to individuals or property. Instead, it is sufficient that an individual's comfortable enjoyment of his privacy is interfered with, even though not a penny's value of injury was done. Moreover, noise made during normal sleeping hours may be a nuisance, while the same or even greater noise during the day would not. Nonetheless, the law does not deal in trifles and *mere annoyance or inconvenience is not sufficient.*

*Price*, 622 N.E.2d at 964 (citations omitted and emphasis added). Furthermore, the Ordinance does not require that an individual be warned about his conduct first. Such language does not enable individuals of ordinary intelligence to adequately comprehend what conduct the Ordinance is prohibiting.

We find support for our holding in other jurisdictions. In *United Pentecostal Church v. Steendam*, 51 Mich.App. 323, 214 N.W.2d 866 (1974), the Michigan Court of Appeals considered the constitutionality of an anti-noise ordinance whose language was identical to Section (a) of the Ordinance in the instant case. In striking down the ordinance for being unconstitutionally vague and overbroad, the Michigan Court of Appeals concluded that "the language fails to establish sufficient ascertainable standards of conduct. The terms 'unnecessary' and 'annoy' require men of common intelligence to guess at its meaning." *Id.* at 867.

In *People v. New York Trap Rock Corp.*, 57 N.Y.2d 371, 456 N.Y.S.2d 711, 442 N.E.2d 1222 (1982), the Court of Appeals of New York considered the constitutionality of an anti-noise ordinance that prohibited "unnecessary noise," which was defined as "any excessive or unusually loud sound

or any sound which either annoys, disturbs, injures or endangers the comfort, repose, health, peace or safety of a person." *Id.* at 1224. In holding that the ordinance was unconstitutionally vague, the court stated that "the disjunctive definition of 'unnecessary noise' as 'any excessive or unusually loud sound *or* any sound which ... annoys ... a person' impermissibly would support a conviction on any sound which annoys another person...." *Id.* at 1226–27 (emphasis in original). *See also Phillips v. Borough of Folcroft, Pennsylvania,* 305 F.Supp. 766, 770–71 (E.D.Pa. 1969) (concluding that disorderly conduct ordinance that prohibited "the making of loud and/or unnecessary noises" was unconstitutionally vague because the term "loud noise" was too imprecise to withstand constitutional scrutiny and allowed police and other officials to exercise unfettered discretion in choosing who violated the ordinance).

Finally, in *City of Columbus v. Becher,* 115 Ohio App. 239, 184 N.E.2d 617 (1961), *aff'd,* 173 Ohio St. 197, 180 N.E.2d 836 (1962), the Ohio Court of Appeals considered the constitutionality of an ordinance that prohibited noise, made by animals, that resulted in an "annoyance of the inhabitants of this city." In holding the ordinance was unconstitutionally vague, the court stated,

> It leaves to the court or jury, in a legislative capacity, the fixing of the degree or amount of "annoyance" before the guilt of the accused is established. Annoyance is a relative term. It is not a word of fixed meaning in itself, [n]or is it made definite by any statutory or judicial definition. It is not modified by any words such as, "unreasonable," "continuous," or "substantial."

*Id.* at 618. *See also Gardner v. Ceci,* 312 F.Supp. 516, 518 (E.D.Wis.1970) (holding ordinance that proscribed conduct that

tended to "disturb or annoy others" was vague and overbroad).

In response, the City cites to numerous cases where an unlawful noise statute or ordinance survived a vagueness challenge. Yet each of the prohibitions considered in these cases employed a "reasonableness" test for determining what noise constituted a violation. *See, e.g., Earley v. State,* 789 P.2d 374, 376 (Alaska Ct.App.1990) (upholding statute that prohibited making "unreasonably loud noise"); *Eanes v. State,* 318 Md. 436, 569 A.2d 604, 616 (1990), *cert. denied,* 496 U.S. 938, 110 S.Ct. 3218, 110 L.Ed.2d 665 (1990) (upholding statute that prohibited the making of "loud and unseemly noises" because the term "unseemly" was akin to "unreasonable"); *Blanco v. State,* 761 S.W.2d 38, 40–41 (Tex. 1988) (upholding prohibition against making "unreasonable noise"); *City of Madison v. Baumann,* 162 Wis.2d 660, 470 N.W.2d 296, 302 (1991) (upholding ordinance that prohibited making "any noise tending to unreasonably disturb the peace and quiet of persons in the vicinity thereof...."). As stated above, the Ordinance in the instant case does not include such a test.

### III. Severability

■ Ordinances are treated as if they stand on the same footing as an act of the legislature; thus, rules relating to statutory construction apply equally to ordinances. *Chemical Waste Mgmt. Of Indiana, L.L.C. v. City of New Haven,* 755 N.E.2d 624, 633 (Ind.Ct.App.2001). One rule of statutory construction is that where an invalid section of an ordinance is separable from the remainder of the ordinance, and that remainder, standing alone, is complete, sensible, and capable of execution, it is our duty to separate and reject the invalid section of the ordinance and allow the valid remainder of the ordinance to stand. *Id.*

For the reasons discussed above, we hold that Section (a) and portions of Subsection (a)(2) of the Ordinance do not include a sufficiently ascertainable standard of conduct and are therefore unconstitutionally vague. The following provision of Subsection (a)(2), however, contains a sufficiently ascertainable standard of conduct and can be severed from the remainder of the Ordinance: "The operation of any such set, phonograph, machine or device between the hours of 11:00 p.m. and 7:00 a.m. in such a manner as to be plainly audible at a distance of fifty (50) feet from the building, structure or vehicle in which it is located shall be prima facie evidence of a violation of this subsection." Nevertheless, because the City did not present any evidence that Lutz played music in his vehicle between the hours of 11:00 p.m. and 7:00 a.m. that was plainly audible at a distance of fifty feet from his vehicle, the City did not present sufficient evidence that Lutz violated the Ordinance.

BAKER, J., and CRONE, J., concur.