**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 08 2012, 9:00 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS:

**MARTIN A. MCCLOSKEY**
Elkhart, Indiana

ATTORNEY FOR APPELLEES:

**BROOKS J. GRAINGER**
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DOROTHY MILLER, et al, | ) | |
| | ) | |
| Appellants-Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1201-PL-3 |
| | ) | |
| CITY OF MISHAWAKA, et al, | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE SAINT JOSEPH SUPERIOR COURT
The Honorable Michael P. Scopelitis, Judge
Cause No. 71D07-1009-PL-180

**August 8, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Dorothy Miller d/b/a AAA Mattress and Furniture (AAA) appeals the denial of its Complaint for Declaratory Relief and the judgment entered in favor of the City of Mishawaka, Kenneth Prince, in his capacity as City Planner, and Peg Strantz, in her capacity as Associate City Planner, (collectively, the City) regarding the enforcement of a City ordinance regulating signs.  AAA presents two issues for our review:

1.      Is the City's sign ordinance unconstitutionally vague?

2.      Did the imposition of fines for violations of the City's sign ordinance violate AAA's due process rights?

On cross-appeal, the City requests that we find it is entitled to appellate attorney's fees and remand for a determination concerning the amount.

We affirm.

On August 29, 2009, Miller started AAA, which is a retail furniture store that specializes in bedroom and dining room furniture and mattresses, in Mishawaka, Indiana. After opening the business, Miller received a letter from the City, signed by Strantz in her capacity as Associate City Planner, regarding the City's ordinances regulating signs.[1]  This letter addressed the use of banners and signs, and based upon the letter, AAA removed a banner that was hanging on its premises apparently believing such to be in violation of the ordinances.

On September 22, 2009, the City cited AAA for violating City Ordinance Section 129-72 by "displaying a temporary mobile sign on trailer" and levied a twenty-five dollar fine. The trailer is "4 by 8, it as [sic] one axel [sic] which has two wheels.  It has ¾ inch plywood on the base bolted onto the frame.  It has 2 by 4 side posts bolted onto the frame with 4 by 8

---

[1] The property on which AAA is located is zoned C-1 general commercial.

sheets of plywood bolted onto the sides of the 2 by 4's [sic]." *Transcript* at 54. The plywood

sides are painted yellow and contain the following verbiage:

WHY PAY MORE?
MATTRESS & FURNITURE[2]
BLOWOUT
BEST PRICES

*Exhibit H* (footnote supplied). AAA uses the trailer to haul merchandise from its warehouse

to the retail store and also for some deliveries to customers. When used for hauling purposes

the trailer is hitched to Miller's mini-van. At times, however, the trailer is parked in the

parking lot in front of AAA's business premises. AAA challenged the citation, asserting that

the trailer was not a sign, but a registered vehicle that was vital to its business.

Nine months later, on June 23, 2010, AAA received a second citation from the City

for "displaying a temporary mobile sign on property" along with a fine for fifty dollars.

*Exhibit G*. AAA received eight additional citations between July 21, 2010 and September 10,

2010, two of which carried fines of one hundred dollars and the remaining six carried fines of

$250 each. Each citation identified the violation as being placement of a temporary mobile

sign on the property.

On September 15, 2010, AAA filed a complaint for declaratory relief seeking to

prevent the City from enforcing the ten citations issued against AAA for violations of the

City's sign ordinances. The City filed a counter-claim seeking enforcement of the numerous

---

[2] "& FURNITURE" is in a much smaller font below the word "MATTRESS." *Exhibit H*.

citations, additional fines for alleged violations that were not cited, and reasonable attorney's fees. AAA's request to have this action removed to federal court was denied. A bench trial was held on November 14, 2011. On December 5, 2011, the trial court entered an order denying AAA the relief it sought and granting judgment in favor of the City for several of the sign ordinance violations as well as for violations that were not cited. The trial court further awarded attorney's fees to the City. AAA now appeals.

1.

AAA argues that the City's sign ordinance is unconstitutionally vague. When reviewing a constitutional challenge to a municipal ordinance, we treat the ordinance as if it stands on the same footing as an act of the legislature. *Lex, Inc. v. Bd. of Trs. of the Town of Paragon,* 808 N.E.2d 104 (Ind. Ct. App. 2004), *trans. denied.* Thus, rules relating to statutory construction apply equally to ordinances. *Lutz v. City Of Indianapolis*, 820 N.E.2d 766 (Ind. Ct. App. 2005). A municipal ordinance is therefore presumed to be constitutional, and we place the burden upon the party challenging the ordinance to show unconstitutionality. *Id.* An ordinance is unconstitutionally vague only if individuals of ordinary intelligence cannot adequately comprehend the ordinance so as to inform them of the prohibited conduct. *Vaughn v. State,* 782 N.E.2d 417 (Ind. Ct. App. 2003), *trans. denied.* An ordinance need not list with exactitude each item of prohibited conduct; rather, an ordinance need only inform an individual of the generally prohibited conduct. *Lutz v. City Of Indianapolis*, 820 N.E.2d 766.

The first step in interpreting an ordinance is to determine if the municipality has spoken clearly and unambiguously on the point in question. *See Siwinski v. Town of Ogden*

4

*Dunes*, 949 N.E.2d 825 (Ind. 2011). If an ordinance is clear and unambiguous on its face, no room exists for judicial construction. *Id*. If, however, an ordinance contains ambiguity that allows for more than one interpretation, it opens itself up to judicial construction to effect the legislative intent. *Id*. (citing *Amoco Prod. Co. v. Laird,* 622 N.E.2d 912 (Ind. 1993)).

City Ordinance Section 129-72 provides, in part, that regardless of the zoning district, it is unlawful to erect or maintain a temporary sign, except as permitted by a proper temporary sign permit under City Ordinance Section 129-75. City Ordinance Section 129-3 defines a sign as:

> an announcement, identification, image, description display, illustration or device, illuminated or nonilluminated, which advertises products or services, on- or off-premises, which is located on private property and is visible from any public place or is located on private property and exposed to the public and which directs attention to a product, place, activity, person, institution, business or solicitations, whether permanently or temporarily installed.

*Exhibit A*. A temporary sign is defined as:

> any sign, portable sign, pennant, valance, inflatable display or advertising display constructed of cloth, canvas, light fabric, cardboard, wallboard, plastic, metal or other light materials, with or without structural frames. Temporary signs may be displayed for no more than 15 days only as regulated by the provisions of this chapter. . . .

*Id*. A "mobile sign" is defined as "a temporary, freestanding sign, mobile sign, or trailer sign which is not set in a permanent base or foundation that will withstand wind pressure or wind forces." *Id*. The definition of a "trailer sign" directs one to the definition of a temporary sign. *Id*. City Ordinance Section 129-4 vests administration of the sign ordinance with the City Planner.

5

AAA acknowledges that the ordinance defines what constitutes a "temporary" sign and a "mobile" sign, but argues that there is no corresponding definition for what constitutes a "temporary mobile" sign for which AAA was cited. This argument is simply specious.

As set forth above, the City's sign ordinance defines what the City considers to be a temporary sign and what constitutes a mobile sign and we find that the manner in which the City did so informs individuals of ordinary intelligence as to what type of signage is permitted and what is prohibited. Here, the sign at issue fits squarely within the definitions of a temporary sign and a mobile sign. The two need not be mutually exclusive.

We agree with AAA that when the trailer is used to move merchandise, it functions as a trailer. AAA, however, overlooks the fact that when the trailer is parked in the parking lot adjacent to AAA's premises, is exposed to the public, and conspicuously directs attention to AAA and its products, it functions as a sign. That sign is clearly mobile (being on wheels) and temporary by virtue of the fact that it is portable/mobile. Persons of ordinary intelligence would know that the trailer with its graphics constitutes a sign that is mobile and thus, by definition, temporary, when it is positioned in such a manner that it functions as a sign. The ordinance is not unconstitutionally vague to the extent it defines what types of signs are prohibited within the zoning district where AAA operates.

AAA also argues that the City's sign ordinance is unconstitutionally vague because the determination of what constitutes a sign is vested in the subjective opinion of the City Planner. We disagree. The City Planner or his designee is charged with administering the City's sign ordinance. As we concluded above, the ordinance adequately defines what constitutes various types of signs that are permitted and prohibited within a certain zoning

6

district. The City Planner simply has to enforce the ordinance according to its clear and unambiguous terms.

AAA's argument that the trailer is licensed and insured and used to transport merchandise ignores the fact that the trailer can serve a second function as a mobile, temporary sign when parked in front of AAA's premises. AAA has failed to demonstrate that the City's sign ordinance is unconstitutionally vague. The trial court did not err in denying AAA's complaint for declaratory relief and in entering a judgment in favor of the City.

2.

AAA argues that the fines imposed for its violations of the City's sign ordinance violated its due process rights in that the fines were arbitrarily imposed. Specifically, AAA asserts that there are no criteria or ascertainable standards for determining the progressive and arbitrary amounts of the imposed fines.

Here, the City Planner testified that the goal of imposing a fine is to gain compliance with an ordinance[3] and that the "established policy" of the City is to impose a fine at the lowest level and then progressively increase the fine, keeping in mind the ultimate goal. *Transcript* at 109. The lowest fine to be imposed is $25 and the fine can be increased up to $250 without court involvement.[4] Here, the first citation against AAA carried with it a $25 fine. Six months later, a second citation was issued and a fine of $50 was levied. The third

---

[3] The City Planner explained that the purpose of the fines is not to general a profit for the City.

[4] Ind. Code Ann. § 36-1-3-8(a)(10)(B)(i and ii) (West, Westlaw current through legislation effective May 31, 2012) provides that a governmental unit does not have the power to assess a fine for an ordinance violation of

7

and fourth citations each imposed fines of $100. The last six citations, which were issued over the course of less than six weeks with some being on consecutive days, levied fines of $250 each against AAA for violation of the City's sign ordinance. Notwithstanding the citations, AAA repeatedly parked the trailer in its parking lot such that it clearly functioned as a sign.

AAA does not claim that it was unaware that the citations were directed to the trailer when it functioned as a sign. AAA has at all times relied on its argument that the trailer is a mode of transportation used for moving merchandise, completely ignoring the fact that the trailer functions separately as a sign when parked in front of AAA's premises.

Because AAA failed to take action to avoid further violations of the City's sign ordinance, the City issued additional citations and imposed progressively increasing fines in its attempt to gain AAA's compliance. AAA has failed to establish that the amount of the fines and the progressive nature of the fines are arbitrary and unrelated to their purpose.

3.

The City requests that it be awarded appellate attorney fees. Pursuant to Ind. Code Ann. § 36-1-4-17(c) (West, Westlaw current through legislation effective May 31, 2012), a

---

more than $2500 for the first violation of the ordinance or more than $7000 for a second or subsequent violation of the ordinance.

8

governmental unit "shall determine the costs of collecting money . . . ." Such costs include reasonable attorney's fees. This statute permits an award reasonable attorney fees to the City, but, contrary to the City's claim, it does not mandate such.

In addressing the City's request, we note that Indiana adheres to the American Rule with respect to the payment of attorney fees, which requires each party to pay his or her own attorney fees absent an agreement between the parties, statutory authority, or rule to the contrary. *Breining v. Harkness,* 872 N.E.2d 155 (Ind. Ct. App. 2007), *trans. denied.* Our appellate rules provide that we "may assess damages if an appeal, petition, or motion, or response, is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees. The Court shall remand the case for execution." Ind. Appellate Rule 66(E).

> An award of appellate attorney fees "is discretionary and may be ordered when an appeal is replete with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." *Trost-Steffen v. Steffen,* 772 N.E.2d 500, 514 (Ind. Ct. App. 2002), *trans. denied.* "However, we must use extreme restraint when exercising our discretionary power to award damages on appeal because of the potential chilling effect upon the exercise of the right to appeal." *Id.*

*Gertz v. Estes,* 922 N.E.2d 135, 138 (Ind. Ct. App. 2010), *trans. denied*.

We cannot say that AAA's appeal was replete with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay. We therefore deny the City's request for appellate attorney's fees.

Judgment affirmed.

MAY, J., and BARNES, J., concur.

9